UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE PROPERTY AND CASUALTY INITIATIVE, LLC, <br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA acting through the NATIONAL CREDIT UNION ADMINISTRATION, <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-10520-RCL |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Local Rule 7.1(B)(3), the defendant, United States of America, hereby moves this honorable Court to grant it leave to file a reply memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"). In support of this motion, Defendant asserts that Plaintiff's discussion of alleged governing law is both incorrect and confusing, and compels Defendant to file a reply memorandum clarifying its position, with the requisite citation to authority, to aid the Court in its determination. Specifically, Defendant states the following:

1. <u>In this case, all notices previously provided by Plaintiff were directed to the NCUA as Conservator or Liquidating Agent, and not to the NCUA as an agency of the United States.</u>

As argued in Defendant's pending Motion to Dismiss ("Motion"), Plaintiff has failed to comply with the administrative prerequisites to filing suit under the Federal Tort Claims Act ("FTCA"), *to wit*, presentation of an FTCA administrative claim to the appropriate agency.

While Plaintiff attempts to argue in its Opposition that it complied with this requirement (and attaches correspondence with general references to a claim), what Plaintiff fails to instruct the Court is that any and all previous notices by Plaintiff were directed to the NCUA as either the Conservator or Liquidating Agent, and <u>not</u> to the NCUA as an agency of the United States. Indeed, any discussions that NCUA employees had with Plaintiff regarding alleged claims were by NCUA employees acting in their capacity as agents for either the Conservator or Liquidating Agent.

> 2.  <u>The process for asserting a tort claim against the NCUA is the same as for other federal government agencies, and quite different from the process under 12 U.S.C. § 1787.</u>

When the NCUA acts in its capacity as a federal agency (in the FDIC context this is referred to as acting in its corporate capacity), the process for asserting a tort claim is the same as for other federal government agencies (i.e., presentation of an SF95 or FTCA administrative claim), and quite different from the process under 12 U.S.C. § 1787. In fact, an entirely separate section of the NCUA's regulations addresses how to file a claim, consideration of the filed claim, and the agency's settlement authority. *Compare* 12 U.S.C. § 1787 and 12 C.F.R. §§ 709 & 745, concerning claims against the Liquidating Agent or Conservator, with 12 C.F.R. § 793, concerning tort claims against the NCUA acting in its capacity as a federal government agency. Also significant, beyond the question of whether a claim was filed with the proper party, is the fundamental question of whether the NCUA, as an agency, may be liable for actions taken when acting in its capacity as a Liquidating Agent or Conservator.

    3.    <u>Plaintiff's alleged right to the funds at issue in this case arises not because Plaintiff is a member of the credit union with shares in an account, but rather, because of an alleged off-book pledge agreement from a third party that purports to assign Plaintiff rights to the money.</u>

Plaintiff is not situated in the same way an individual would be if seeking funds from an account in his or her name in a failed institution. The accounts are not, and never have been, titled in Plaintiff's name. Indeed, Plaintiff has conceded that this point. Thus, Plaintiff cannot now circumvent the fact that any rights it believes it has to those funds arises not, as Plaintiff implies, because it is just another shareholder trying to receive the funds in its account, but because of a pledge agreement that Plaintiff is seeking to enforce. An agreement that plainly does not meet the requirements of 12 U.S.C. § 1788(a)(3), which lays out how something must be recorded in order to be enforceable against the NCUA. This section must be read together with 12 U.S.C. 1787(b)(9), which expressly addresses the powers of a Liquidating Agent and Conservator, and specifies the scope of the NCUA's ability to assert the *D'Oench* defense. That section states that an agreement (which is certainly what the pledge documents purport to be) that does not meet the requirements set forth in 208 (a)(3) cannot form the basis of a claim against the NCUA, in the same way that an agreement cannot form the basis of a claim if the recording requirements of 12 U.S.C. 1787(b)(9).

WHEREFORE, Defendant requests this Court to grant it leave to file a Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss.

>                Respectfully submitted,
>
>                MICHAEL J. SULLIVAN
>                United States Attorney
>
>                /s/ Gina Y. Walcott-Torres
>        By:     Gina Y. Walcott-Torres
>                Assistant U.S. Attorney
>                1 Courthouse Way, Suite 9200
>                Boston, MA 02210
>                (617) 748-3369

Dated: November 14, 2005