UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE PROPERTY AND CASUALTY INITIATIVE, LLC, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA acting through the NATIONAL CREDIT UNION ADMINISTRATION, <br>     Defendant | DOCKET NO. 05-10520-RCL |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR LEAVE TO FILE REPLY MEMORANDUM**

Plaintiff, The Property and Casualty Initiative, LLC ("PCI"), hereby opposes Defendant's Amended Motion for Leave to File Reply Brief (the "Motion"), because the Motion makes no new substantive arguments. Defendant's arguments regarding the sufficiency of the notice given to the NCUA, compliance with FTCA requirements and applicability of the D'Oench defense are the very same ones made in its moving brief. To the extent the NCUA intends to restate arguments made in its previous submissions such additional briefing is neither necessary, nor warranted.

As set forth in PCI's Opposition to the Motion to Dismiss, NCUA cites no authority for the proposition that it must receive notice of a claim in its capacity as an agency rather than as a liquidator or conservator. In any event, PCI did send demand to the NCUA regional office in its capacity as an agency. In any event, the cases cited in PCI's Opposition Memorandum conclusively demonstrate that PCI complied with the FTCA notice requirements. NCUA's reliance on 12 C.F.R §793 is unavailing. Section 793 does not present any additional FTCA

notice requirements - these regulations only govern NCUA's settlement practices. Likewise, PCI is not claiming it gave notice under 12 U.S.C. §1787 (insurance claims for failed financial institutions); Nor is the filing of form SF95 (which is more appropriate for a personal injury claim) an FTCA requirement. Finally, 1788(a)(3)/D'Oench has already been fully briefed. Succinctly, D'Oench is inapplicable. Even if were applicable, the sufficiency of compliance with the recording requirements of 12 U.S.C. §1787(b)(9) is fact-intensive and not resolvable on a Motion to Dismiss, especially where it appears the Government may have destroyed the evidence germane to this question.

Finally, PCI notes with perplexity the Certification of Compliance with Local Rule 7.1(A)(2). No one in PCI's counsel's office was contacted by the U S Attorney's Office to confer about the Motion prior to its submission.

WHEREFORE, Plaintiff, The Property and Casualty Initiative, LLC, respectfully requests that this Court deny the Motion. PCI requests that if leave to file an additional memorandum is granted that it too be given an opportunity to file a rebuttal memorandum.

The Property and Casualty Initiative, LLC<br>
By its attorneys,<br>
<br>
Richard E. Gentilli, BBO # 189080<br>
Frank F. McGinn, BBO # 564729<br>
Bartlett Hackett Feinberg P.C.<br>
155 Federal Street, 9th Floor<br>
Boston, MA 02110<br>
617/422-0200

Dated: November 17, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE PROPERTY AND CASUALTY INITIATIVE, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA acting through the NATIONAL CREDIT UNION ADMINISTRATION,<br>　　　Defendant | DOCKET NO. 05-10520-RCL |

### CERTIFICATE OF SERVICE

I, Frank F. McGinn, hereby certify that on November 17, 2005, true and correct copies of Plaintiff's Opposition to Defendant's Motion for Leave to File Reply Memorandum were served on the individuals listed on the attached Service List, electronically or by first class mail.

Frank F. McGinn, BBO#564729
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA  02110

## The Property and Casualty Initiative, LLC v. United States of America
### Case No. 05-10520-RCL

### Service List

Gina Y. Walcott-Torres, Esq.
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Michael S. D'Orsi, Esq.
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108