UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE PROPERTY AND CASUALTY INITIATIVE, LLC. <br><br>     Plaintiff, <br><br>        v. <br><br> UNITED STATES OF AMERICA, acting through the NATIONAL CREDIT UNION ADMINISTRATION, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> )    05-10520-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER**

1.  Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 1 of the Verified Complaint.

2.  Defendant admits that, pursuant to the provisions of 12 U.S.C. §1787(b)(2), it succeeded to all right, title and interest of the Credit Union by operation of law upon being appointed as conservator as well as when it was subsequently appointed as liquidating agent.  Defendant denies any remaining allegations contained in Paragraph 2 of the Verified Complaint.

3.  Defendant admits jurisdiction pursuant to 12 U.S.C. §1787(b)(13)(D); §1789(a)(2) and 28 U.S.C. §1331.  Defendant denies that jurisdiction is proper under 28 U.S.C. §1346(b). Venue is admitted.

4.  Defendant is without knowledge or information sufficient to

confirm or deny the allegations in Paragraph 4 of the Verified Complaint, and on that basis denies said allegations.

5.    Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 5 of the Verified Complaint, and on that basis denies said allegations.

6.    Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 6 of the Verified Complaint, and on that basis denies said allegations.

7.    Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 7 of the Verified Complaint, and on that basis denies said allegations.

8.    Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 8 of the Veried Complaint, and on that basis denies said allegations.

9.    Defendant denies the allegations contained in Paragraph 9 of the Verified Complaint.

10.    Defendant admits that it was appointed as conservator of the Credit Union on February 21, 2003.  Defendant denies any remaining allegations contained in Paragraph 10 of the Verified Complaint.

11.  Defendant is without knowledge or information sufficient to confirm or deny the allegations in Paragraph 11 of the Verified Complaint, and on that basis denies said allegations.

12.  Defendant denies the allegations contained in Paragraph 12 of the Verified Complaint.

13.  Defendant admits that although a demand was made, it was made under the FCUA and not as a tort claim.  Defendant denies any remaining allegations contained in Paragraph 13 of Verified Complaint.

14.  Defendant admits that although a demand was made, it was made under the FCUA and not as a tort claim.  Defendant denies any remaining allegations contained in Paragraph 14 of Verified Complaint.

15.  Defendant denies the allegations contained in Paragraph 15 of the Verified Complaint.

16.  Defendant denies the allegations contained in Paragraph 16 of the Verified Complaint.

**COUNT I: CONVERSION**

17.  Defendant denies the allegations contained in Paragraph 17 of the Verified Complaint.

18.  Defendant denies the allegations contained in Paragraph 18 of the Verified Complaint.

19.  Defendant admits that NCUA was appointed as Liquidating

Agent of the Credit Union on May 17, 2003.  Defendant denies the remaining allegations contained in Paragraph 19 of the Verified Complaint.

20.  Defendant denies the allegations contained in Paragraph 20 of the Verified Complaint.

21.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Verified Complaint, and on that basis denies said allegations.

22.  Defendant denies the allegations contained in Paragraph 22 of the Verified Complaint.

23.  Defendant denies the allegations contained in Paragraph 23 of the Verified Complaint.

24.  Defendant denies the allegations contained in Paragraph 24 of the Verified Complaint.

25.  Defendant denies the allegations contained in Paragraph 2 of the Verified Complaint.

**COUNT II: CONSTITUTIONAL CLAIM**

26.  Defendant denies the allegations contained in Paragraph 26 of the Verified Complaint.

27.  Defendant denies the allegations contained in Paragraph 27 of the Verified Complaint.

28.  Defendant denies the allegations contained in Paragraph 28 of the Verified Complaint.

## COUNT III: FAILURE TO PAY ON DEPOSIT INSURANCE

29. Defendant denies the allegations contained in Paragraph 29 of the Verified Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Verified Complaint.

## COUNT IV: NEGLIGENCE

31. Defendant denies the allegations contained in Paragraph 31 of the Verified Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Verified Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Verified Complaint.

## COUNT V: BREACH OF FIDUCIARY DUTY

34. Defendant denies the allegations contained in Paragraph 34 of the Verified Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Verified Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Verified Complaint.

## COUNT VI: NEGLIGENT MISREPRESENTATION

37. Defendant denies the allegations contained in Paragraph 37 of the Verified Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Verified Complaint.

39.    Defendant denies the allegations contained in Paragraph 39

       of the Verified Complaint.

40.    Defendant denies the allegations contained in Paragraph 40

       of the Verified Complaint.


       The WHEREFORE Paragraph following Paragraph 40 is a prayer

for relief that requires no response.  To the extent that a

response is required, Defendant denies the that Plaintiff is

entitled to the relief sought or to any relief whatsoever.

### PRAYER FOR RELIEF

       The remaining paragraphs consist of Plaintiff's prayer for

relief, to which no response is necessary.  To the extent that a

response may be deemed to be necessary, Defendant denies that

Plaintiff is entitled to the relief sought or to any relief

whatsoever.

### AFFIRMATIVE DEFENSES

       And now having fully answered, Defendant sets forth the

following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

       Plaintiff failed to timely pursue its claim under the

Federal Tort Claims Act.

### SECOND AFFIRMATIVE DEFENSE

       Defendant had a statutory and fiduciary duty to the Credit

Union to insure that claims it paid were made in a proper amount

and to the proper owners of the accounts claimed.

## THIRD AFFIRMATIVE DEFENSE

Documents provided by Plaintiff in support of its claims cannot be recognized by the Conservator or the Liquidating Agent because they do not comply with the requirements of the common law D'Oench Dhume Doctrine nor the statutory requirements of 12 U.S.C. §1787.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims refer to the payment of share insurance, they should be relegated to administrative review by the NCUA Board and for further review of the Board's decision, if requested, by the appropriate United States Circuit Court of Appeals pursuant to 12 C.F.R. §745.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from filing its Verified Complaint under the doctrines of res judicata and collateral estoppel, as Plaintiff filed a previous complaint in the United States District Court for the District of Massachusetts, 03-10986-WGY.

UNITED STATES OF AMERICA,

By its attorneys,

MICHAEL J. SULLIVAN,
United States Attorney

By:

/s/ Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

Suffolk, ss.

Boston, Massachusetts
April 3, 2005

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Answer upon plaintiff's counsel, Richard E. Gentilli, Esq., Bartlett hackett Feinberg, P.C., 155 Federal Street, 9th Floor, Boston, MA 02110 by First Class mail.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney